UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

RECEIVED AND FILED AT
HARRISONBURG VIRGINIA

2010 NOV 29  A 10: 28

JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT
BY_____
DEPUTY CLERK

In Re:

RUSSELL LEE EBERSOLE,              Case No. 09-51561-RWK
        Debtor                     (Chapter 11)

DISCLOSURE STATEMENT

I.           INTRODUCTION

Russell Ebersole, (hereinafter "Ebersole") provides this Disclosure Statement to all of his known creditors in order to disclose that information deemed by the Debtor to be material, important and necessary for his creditors to arrive at a reasonable informed decision in exercising their right to vote for acceptance of a plan of reorganization (hereinafter the "Plan") in the Debtor's pending Chapter 11 Proceeding. A copy of the Plan accompanies this statement.

Ebersole filed his petition for relief pursuant to Chapter 13 of the Bankruptcy Code on September 29, 2009. Upon the Debtor's Motion, this case was converted to a case pursuant to Chapter 11 by order entered on January 14, 2010. The Debtor remains in possession of his assets. Pursuant to §1125 of the Bankruptcy Code, the Debtor has obtained an Order of this Court entered _____ _____, 2010 approving this Disclosure Statement (hereinafter the "Statement") for submission to the holders of claims against the Debtor. Bankruptcy court approval of the disclosure statement is not a decision by the court on the merits of the plan.

The Court will set a hearing on acceptance of the Plan. Creditors may vote on the Plan, or/and may attend such hearing. As a creditor, your acceptance is important. To

1

*Receipt Acknowledged*

vote on the Plan, your Ballot should be returned on or before the ___ day of _____, 2010 to Debtor at the following address; Russell L. Ebersole 667 Walters Mill Lane, Stephenson, Virginia 22656, who shall file a summary along with the ballots at the United States Bankruptcy Court, 116 North Main Street, Room 223, Harrisonburg, Virginia 22802 with a copy to the U.S. Trustee, 210 First Street, Suite 505, Roanoke, Virginia 24011. The proposed Plan can be confirmed by the court if it is accepted by the holders of two-thirds (2/3) in amount and more than one-half (1/2) in number of claims in each impaired class of claims voting on the Plan. In the event that requisite acceptances are not obtained, the court may, nevertheless, confirm the Plan if the Court finds that it accords fair and equitable treatment to the class or classes rejecting it.

NO REPRESENTATION CONCERNING THE DEBTOR (PARTICULARLY AS THE VALUE OF ITS ASSETS) IS AUTHORIZED BY THE DEBTOR OTHER THAN AS SET FORTH IN THIS DISCLOSURE STATEMENT. ANY REPRESENTATION OR INDUCEMENTS MADE TO SECURE YOUR ACCEPTANCE WHICH ARE OTHER THAN AS CONTAINED IN THIS STATEMENT SHOULD NOT BE RELIED UPON BY YOU IN ARRIVING AT YOUR DECISION, AND SUCH ADDITIONAL REPRESENTATIONS AND INDUCEMENTS SHOULD BE FORWARDED TO COUNSEL FOR THE DEBTOR, WHO IN TURN SHALL DELIVER SUCH INFORMATION TO THE BANKRUPTCY COURT FOR SUCH ACTION AS MAY BE DEEMED APPROPRIATE.

Although the Debtor believes the information contained herein to be accurate, due to the uncertainties of the evaluation of assets, or the stability of future income, the

Debtor is unable to warrant or represent that the information contained herein is completely accurate.

## II.    BACKGROUND AND FINANCIAL HISTORY OF DEBTOR

This case arises out of the efforts of the Debtor to preserve his residence and business premises located at 667 Walters Mill Lane, Stephenson, Virginia 22656. The Debtor operates a facility known as "Aberdeen Acres" which provides boarding, training and grooming services for domestic pets. The debtor was absent from the business from June, 2003 through October, 2008 during which time the facility was operated by the Debtor's ex-wife. During the period in which the Debtor's ex-wife had operated the business, she neglected to make appropriate payments of federal and state taxes on the business operations.

During the divorce proceeding between the Debtor and his ex-wife on October 29, 2008, the Maryland state Circuit Court ordered all assets of the Aberdeen Acres business to be transferred to the Debtor. Debtor's ex-wife maintained a business checking account at Edward Jones for, among other things, paying monthly bills associated with the operation of the Aberdeen Acres business. As a result of the domestic order, Edward Jones, who maintained the Aberdeen Acres checking account from which mortgage payments had been electronically transferred to the mortgage company, unilaterally and without Debtor's knowledge, placed a restriction on the account, prohibiting any money from being paid out or transferred from the account. As a result of the restriction placed by the financial institution, a mortgage payment, which had been transferred and paid to the mortgage holder, NC-WC, LLP was retracted from the account of the then-holder of

the mortgage account. As a result, the mortgage holder accelerated the mortgage note and attempted to foreclose on the property. Your Debtor filed his petition to address this claim, rectify the mortgage and preserve the assets.

Aberdeen Acres is the Debtor's primary source of income. The business has been growing since the Debtor has assumed control of the business in November, 2008. The business operates at modest but respectable profitability. The Schedule C filed by the Debtor for the business for 2009 reflects Gross Receipts of $206,944.00 and expenses of $170,771.00 resulting in a profit for 2009 of $36,173.00. The Debtor's Schedule Cs for Aberdeen Acres for the two prior tax years reflect the following information:

|  | 2008 | 2009 |
| --- | --- | --- |
| Gross Receipts: | 150,834.00 | 206,944.00 |
| Deductions from Income (Business Expenses) | 157,933.00 | 170,771.00 |
| Net Profit or (Loss): | (7,099.00) | 36,173.00 |

Since the conversion of the petition to Chapter 11, the Debtor has filed his monthly reports. The reports reflect the following profits and losses:

|  | Month | Profit/Loss |
| --- | --- | --- |
| Aberdeen Acres: | February, 2010 | ($8,894.85) |
| Aberdeen Acres | March 2010 | $13,698.69[1] |
| Aberdeen Acres | April 2010 | $18,748.62 |
| Aberdeen Acres | May 2010 | ($1,831.66) |
| Aberdeen Acres | June 2010 | ($10,496.41) |
| Aberdeen Acres | July 2010 | $38,751.65 |

4

    Aberdeen Acres    August 2010    ($   152.56)

    Aberdeen Acres    September 2010    $12.325.17

    Aberdeen Acres    October 2010    ($3,510.26)

### III. BRIEF DESCRIPTION OF PLAN

THE PLAN OF REORGANIZATION IS A LEGALLY BINDING ARRANGEMENT AND SHOULD BE READ IN ITS ENTIRETY AS OPPOSED TO RELYING ON THE SUMMARY.

The essential components of the Plan are that the creditors of the Debtor will be paid in full, on terms described below. The value of the Debtor's assets at the time of the filing of his petition was estimated to be approximately $1,846,445.70. The primary assets were the following parcels of real estate:

(1) Aberdeen Acres, 667 Walters Mill Lane, Stephenson, Virginia 22656, the business premises of Aberdeen Acres and also the Debtor's primary residence. The Debtor's estimation of the property's value is $1,200,000.00 based upon an appraisal conducted in 2003 for Bank of America, the original mortgage holder., and appraised again in 2003 at $1,100,000.00 for re-financing purposes. This property is subject to the lien asserted by Brown Bark I, LP in the amount of $295,011.37 and a restitution lien to the U.S. Government in the amount of $708,000.00.

(2) An investment property located at 137 Devonshire Road, Hagerstown, Maryland 21740 valued at $179,000.00 based upon an appraisal conducted during the

---

[1] Includes reimbursement to Aberdeen Acres for funds drawn from Aberdeen Acres checking account to pay for repairs to kennels damaged by ice and snow storms (see Page 4 of the March 2010 monthly report).

Debtor's divorce proceedings and comparable neighborhood sales, subject to a lien to the Debtor's mother, Pauline Ebersole, in the amount of $78,500.00.

(3) The Debtor is listed on the deed of the former marital residence located at 10138 Garis Shop Road, Hagerstown, Maryland 21740, but has been divested of any equity interest in the property pursuant to the existing state court divorce decree. The Debtor does have a right of first refusal for the property in the event that his ex-wife sells the property.

The Debtor valued personal property including financial accounts and vehicles as of the date of the Chapter 13 petition as $117,445.70.

The Debtor proposes to classify claims into five (5) groups: 1) administrative claims, 2) tax claims, 3) secured claims, 4) unsecured priority claims and 5)unsecured claims without priority.

Class I: Administrative Claims: Administrative claims are to be paid within the later of ninety (90) days after the effective date of the Plan or approval by the Court. Administrative Claims include professional fees in assisting Debtor during the bankruptcy proceedings. These include attorney fees of approximately two thousand five hundred dollars ($2,500.00). No attorney fees shall be paid unless and until approved by the Bankruptcy Court. Debtor shall continue to pay U.S. Trustee fees until the case is converted, dismissed or closed. U.S. Trustee post-confirmation quarterly fees have been and will continue to be timely paid as required by law. This class is not impaired.

Class II:   Tax Claims: Any approved tax claims shall be paid in full with interest as provided by law within twenty-four (24) months after the effective date of the Plan. These claims include any claims by any governmental taxing authority, federal, state or municipality, for sales, use, withholding or income tax. The only claims filed within this category are by the Internal Revenue Service totaling Twenty-three Thousand, Nine Hundred Forty-one and 90/100ths Dollars. Debtor has paid all tax obligations since he has become the responsible party of Aberdeen Acres and disputes any tax claim against him that is filed. The Debtor shall file an objection to the filed claim of the Internal Revenue Service. In the event that an amount is determined to be owed by the Debtor, the amount as determined by the court, if any, shall be paid as provided herein. This class is not impaired.

Class III:   Secured Claims: The Secured claim by Brown Bark I,LLP shall become the sole responsibility of the Debtor and be paid over a sixty (60) month period of time after the payment of administrative claims by minimum monthly payments of Five Thousand Dollars a month over a sixty month period to pay the filed claim of Two Hundred Ninety-five Thousand, Eleven and 37/100ths Dollars ($295,011.37) with interest at prime plus 2%. Debtor may make additional principle payments, at his sole option, to accelerate the payoff of this debt, and Brown Bark I, LLP, shall accept these extra principal payments and apply them exclusively to the outstanding principle balance of the claim. This claim is impaired to the extent of any dispute over the interest rate. The Debtor's mother who is secured by the Devonshire property, has been, and shall continue to be, paid in accordance with the terms of the governing documents, and is not impaired. The United States has been and shall continue to be paid in accordance with the

restitution order entered by the honorable Federal District Court Judge Leonie M. Brinkema on September 10, 2003, case number 1:03CR00112-001. The claim of Karen Beckworth in the amount of $821.00 shall be paid within ninety days of the effective date of the Plan.

Class IV: Unsecured Priority Claims: The only unsecured priority claim that is not treated as a tax claim pursuant to Class II is the undetermined support claim filed by Karen Ebersole. This support claim has been, and will continue to be paid, in accordance with the order of support entered in the divorce case on January 5, 2010 (case number 21-C-07-27568DA).

Class V: Unsecured Claims: Upon conclusion of the divorce trial, on October 29, 2008, and by an Amended Judgment Order of Absolute Divorce entered by the Washington County Maryland State Circuit Court on April 9, 2009, all debt associated with the claim of PRA Receivables Management, LLC (Claim No. 4) were ordered to be paid by Debtor's ex-wife, Karen L. Ebersole, thus, all unsecured claims without priority for which the Debtor is responsible for, if any, shall be paid within twelve (12) months of the effective date of the plan with interest at 2 points over the prime rate of interest, in monthly payments commencing on the later of thirty days after the effective date of the Plan or the allowance of said claims, and continuing each month thereafter until the final payment of each claim being made. This class, to the extent that there are any claims against the Debtor, is not impaired.

IV. **IMPLEMENTATION**

The payments described above will be made by the Debtor in equal monthly payments during the time periods stated above for the respective claims, with the first payment being due upon the later of thirty days after the effective date of the Plan or the date that a claim is determined to be valid.

Ebersole shall file any objections to claims within thirty days of the effective date of the Plan. The Debtors will also timely take all other actions required of them to be performed to effect the implementation and successful consummation of the Plan.

V. **LIQUIDATION ANALYSIS**

The Plan provides for 100% payment of all claims, with interest. Accordingly, it satisfies the liquidation analysis requirements of the Bankruptcy Code and provides adequate protection to all of the Debtor's creditors.

The Debtor will request the court to establish a bar date to file claims. The claims that have been filed against the Debtor are:

| | | |
|---|---|---|
| Tax Claims: | Internal Revenue Service | $16,002.22 |
| | Internal Revenue Service | $ 7,939.68 |
| Secured Claims: | Brown Bark I, L.P. | $295,011.37 |
| Unsecured Claims: | PRA Receivables | $ 4,819.46 |

VI. **INCOME PROJECTION**

The Debtor anticipates and projects that his income will be equal to or greater than it has been while this case has been pending, as shown in his respective Monthly Reports,

9

which have been filed with the Bankruptcy Court, summarized herein, and pursuant to the 2009 tax information.

### VII. LITIGATION

The Motion for Relief from Stay filed by Brown Bark I, L.P. has been resolved and the Debtor has complied with the Court's Decision and Order in these matters by wiring the required funds to Brown Bark I, L.P.. The Debtor has filed objections to the claims of the Internal Revenue Service, PRA Receivables Management, LLC., and Brown Bark I, L.P. for default rate of interest and attorney's fees. This constitutes all of the litigation in which the Debtor is presently involved and which he presently contemplates pursuing except for domestic issues and a civil complaint filed in the Circuit Court for Washington County, Maryland attempting to recover employee withholding taxes embezzled by his ex-wife from Aberdeen Acres employees in 2007 and 2008.

### VIII. UNSECURED CREDITORS' COMMITTEE

No unsecured creditors' committee has been formed in this case.

### CONCLUSION

The Debtor believes the Plan he has proposed will afford fair and equitable treatment to all interested parties in a manner that is least disruptive to the operations of the Debtor and he respectfully requests the acceptance of this Plan.

                                              Respectfully Submitted,

DATED: NOVEMBER 25, 2010         Russell L. Ebersole
                                              667 Walters Mill Lane
                                              Stephenson, Virginia 22656

## CERTIFICATE OF SERVICE

      I hereby certify that I have this _____ day of _____, _____, I mailed via first class, prepaid, U.S. Mail, a true copy of the foregoing Disclosure Statement, Plan of Reorganization and Schedule for Hearing on same to all claimants listed below, or to their counsel of record and to the United States Tustee in this case.

Margaret K. Garber
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia  24011

Mr. Steven L. Higgs, Esquire
Counsel for Brown Bark I, L.P.
9 Franklin Road Southwest
Roanoke, Virginia  24011

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

PRA Receivables Management
P.O. Box 41067
Norfolk, VA 23541

Ms. Karen L. Ebersole
10138 Garis Shop Road
Hagerstown, MD  21740

                                                _____
                                                Russell Lee Ebersole, Pro Se

November 25, 2010

RECEIVED AND FILED AT
HARRISONBURG VIRGINIA

2010 NOV 29  A 10: 27

JOHN W.L. CRAIG II, CLK
U.S. BANKRUPTCY COURT

BY _____
    DEPUTY CLERK

Mrs. Marsha Jarrels
Deputy Clerk
United States Bankruptcy Court
for the Western District of Virginia
Harrisonburg, Division
116 Main St., Room 223
Harrisonburg, VA 22802

Re:   Filing of Disclosure Statement and Request for Hearing Date for the Court's
      Approval.

In Ref: In re: Russell Lee Ebersole, (Case No. 09-51561).

Dear Mrs. Jarrels:

Please find attached my Disclosure Statement for approval by the Court. I respectfully request a hearing date be assigned so that I can notify all creditors and forward a copy of the disclosure statement, plan for reorganization and notice of the hearing to them.

I have attached two copies of this document along with a self addressed, return stamped envelope. As soon as I receive the copy signed by the Court, I will execute the certificate of service and then send proof of same to you for the docket.

If you have any questions, please feel free to contact me directly at (540) 667-7809 or on my cellular phone (240) 329-2425.

Sincerely,

Russell L. Ebersole, Pro Se
667 Walters Mill Lane
Stephenson, V 22656


cc:   Mrs. Margaret Garber
      Office of the United States Trustee
      210 First Street, Suite 505
      Roanoke, Virginia  24011

12