

FILED-HARRISONBURG, VA
U.S. BANKRUPTCY COURT

DEC - 1 2010

By _____ JAS
DEPUTY CLERK

# UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF VIRGINIA
## HARRISONBURG DIVISION

**In Re:**

**RUSSELL LEE EBERSOLE,**
Debtor

Case No. 09-51561-RWK
(Chapter 11)

## PLAN OF REORGANIZATION

Russell Lee Ebersole, the Debtor herein, pursuant to Chapter 11 of the United States Bankruptcy Code, hereby proposes the following Plan of Reorganization for the purpose of compromise, extension and settlement of his debts.

### Article I

### DEFINITIONS

For purposes of this Plan of Reorganization, the following terms shall have the following meanings unless the text clearly requires otherwise:

1.1    Debtor:    The Estate of Russell Lee Ebersole

1.2    Bar Date:    The date fixed by the United States Bankruptcy Court for the Western District of Virginia pursuant to Bankruptcy Rule 3003 (c) (3).

1.3    Confirmation: Entry of the Court Order confirming the Plan at or after a hearing pursuant to § 1129 o the Bankruptcy Code.

1.4    Administrative Claim: Any claim, including but not limited to claims for compensation of professionals, and claims entitled to administrative priority pursuant to § 507 (a) (1) of the Bankruptcy Code, including quarterly fees due the U.S. Trustee, pursuant to 28 U.S.C. 1930 (a) (6).

1.5    Creditor:    Any person having a valid claim against the Debtor.

1

RECEIPT ACKNOWLEDGED JAS

1.6 Plan: This Plan of Reorganization including any modifications or corrections.

1.7 Priority Claim: Any claim. entitled to priority pursuant to § 507 (a) of the Bankruptcy Code other than an administrative claim.

1.8 Secured Claim: Any claim secured by property of the Debtor to the extent of the value of the collateral.

1.9 Tax Claim: Any claim entitled to priority treatment pursuant to § 507 (a) (7) of the Bankruptcy Code.

**Article II**

**GENERAL TERMS AND CONDITIONS**

The following general terms and conditions apply to this Plan:

2.1 **Claims**: Various types of claims are defined in this Plan. This Plan is intended to deal with all claims against the Debtor of whatever character whether or not contingent or liquidated. and whether or not allowed by the Court pursuant to § 502(a) of the Bankruptcy Code.

2.2 **Time for Filing Claims**: Time for filing Proofs of Claim is fixed pursuant to Bankruptcy Rule 3003 (c) (3). Administrative claims, other than those made pursuant to § 330 of the Bankruptcy Code. must be filed within forty-five (45) days of confirmation of this Plan.

2.3. **Effective Date**: The effective date of this Plan, as the term is used in this Plan, is the date the Order of Confirmation becomes final and is no longer subject to review or appeal.

2.4. **Modifications to Plan**: This Plan may be modified upon application of the Debtor or corrected prior to confirmation without notice and hearing and without additional

disclosure pursuant to § 1125 of the Bankruptcy Code, provided that, after notice to the United States Trustee and any Creditors' Committee appointed in this case, the Court finds that such modification does not materially or adversely affect any creditor or class of creditors.

## Article III

## DIVISION OF CLAIMS INTO CLASSES

    3.1    Class 1: Administrative Claims

    3.2    Class 2: Tax Claims

    3.3    Class 3: Secured Claims

    3.4    Class 4: Unsecured Priority Claims

    3.5    Class 5: Unsecured Claims Without Priority

## Article IV

## PAYMENT OF CLAIMS

    4.1    Class 1: within ninety (90) days after approval by the Court.

    4.2    Class 2: within twenty-four months after approval by the Court.

    4.3    Class 3: The Secured claim by Brown Bark I,LLP shall become the sole responsibility of the Debtor and be paid over a sixty (60) month period of time after the payment of administrative claims by minimum monthly payments of Five Thousand Dollars a month over a sixty month period to pay the filed claim of Two Hundred Ninety-five Thousand, Eleven and 37/100ths Dollars ($295,011.37) with interest at prime plus 2%. Debtor may make additional principle payments, at his sole option, to accelerate the payoff of this debt, and Brown Bark I, LLP, shall accept these extra

principal payments and apply them exclusively to the outstanding principal balance of the claim. This claim is impaired to the extent of any dispute over the interest rate. The Debtor's mother who is secured by the Devonshire property, has been, and shall continue to be, paid in accordance with the terms of the governing documents, and is not impaired. The United States has been, and shall continue to be paid, in accordance with the restitution order entered by the honorable Federal District Court Judge Leonie M. Brinkema on September 10, 2003, case number 1:03CR00112-001. The claim of Karen Beckworth in the amount of $821.00 shall be paid within ninety days of the effective date of the Plan.

4.4 Class 4: Unsecured Priority Claims: The only unsecured priority claim that is not treated as a tax claim pursuant to Class II is the undetermined support claim filed by Karen Ebersole. This support claim has been, and will continue to be paid, in accordance with the order of support entered in the divorce case on January 5, 2010 (case number 21-C-07-27568DA).

4.5 Class 5: Unsecured Claims: Within twelve (12) months of the effective date of the plan.

**Article V**

*IMPLEMENTATION*

The payments described above will be made by the Debtor from the future income of the Debtor.

*Article VI*

**EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

None

**Article VII**

**POST-CONFIRMATION MATTERS**

The Debtors will also take all other actions required of them to be performed to effect the implementation and successful consummation of the Plan.

**Article VIII**

**RETENTION OF JURISDICTION**

The Court will retain jurisdiction over these matters for the purposes of enforcement, interpretation and/or modification of this Plan, as the case may require.

DATED:    November 25, 2010

Respectfully submitted,

Russell L. Ebersole, Pro Se
667 Walters Mill Lane
Stephenson, Virginia 22656

5

## CERTIFICATE OF SERVICE

I hereby certify that I have this _____ day of _____, _____, I mailed via first class, prepaid, U.S. Mail, a true copy of the foregoing _____, Disclosure Statement, Plan of Reorganization and Schedule for Hearing on same to all claimants listed below, or to their counsel of record and to the United States Tustee in this case.

Margaret K. Garber
Office of the United States Trustee
210 First Street, Suite 505
Roanoke, Virginia 24011

Mr. Steven L. Higgs, Esquire
Counsel for Brown Bark I, L.P.
9 Franklin Road Southwest
Roanoke, Virginia 24011

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

PRA Receivables Management
P.O. Box 41067
Norfolk, VA 23541

Ms. Karen L. Ebersole
10138 Garis Shop Road
Hagerstown, MD 21740

Mrs. Pauline A. Ebersole
355 Sunbrook Lane
Hagerstown, MD 21742

_____
Russell Lee Ebersole, Pro Se